Cathy L. Arias, State Bar No. 141989
Michelle D. Jew, State Bar No. 208853
Arthur S. Gaus, State Bar No. 289560
BURNHAM BROWN
A Professional Law Corporation
P.O. Box 119
Oakland, California 94604
---
1901 Harrison Street, 14th Floor
Oakland, California 94612
Telephone:     (510) 444-6800
Facsimile:     (510) 835-6666
Email: carias@burnhambrown.com
            mjew@burnhambrown.com
            agaus@burnhambrown.com

Attorneys for Defendant
STARBUCKS CORPORATION

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>STARBUCKS CORPORATION, a<br>Washington Corporation; and DOES 1-10,<br><br>Defendants. | No. 2:16-cv-02489-MCE-EFB<br><br>**CONFIDENTIALITY STIPULATION<br>AND PROTECTIVE ORDER**<br><br>**Complaint Filed:  October 18, 2016** |

The discovery sought by the parties in the above-styled case is likely to involve production of documents and things containing business, competitive, proprietary, trade secret or other information of a sensitive nature about the party (or of another person which information the party is under a duty to maintain in confidence), hereafter referred to as "Confidential Information," and witness testimony containing Confidential Information.  Accordingly, the parties having agreed to enter into this Confidentiality Stipulation and Protective Order ("the Order") to govern the production of documents and testimony that contains Confidential Information, and for good cause shown, the Court hereby ORDERS as follows:

**Designation of Confidential Information.**

      1.     Designation of Material.  Documents and other things claimed to be or to contain

Confidential Information shall, prior to production, be marked by the producing party as "Confidential." Placement of the "Confidential" designation on each protected page or on the initial page of a protected document when it is produced shall constitute notice and shall designate the document as Confidential material. Copies, extracts, summaries, notes, and other derivatives of Confidential material also shall be deemed Confidential material and shall be subject to the provisions of this Order.

2. **Subsequent Designation.** Documents and/or materials produced in the litigation that are not identified as Confidential Information when they were initially produced may within a reasonable time thereafter be designated as Confidential by the producing party, or by the party or parties receiving the production, or by a person, by providing written notice to counsel for all other parties and to any person who may be involved. Each party or person who receives such written notice shall endeavor to retrieve any Confidential Information that may have been disseminated, shall affix a "Confidential" designation to it, and shall thereafter distribute it only as allowed by this Order. No distribution prior to the receipt of such written notice shall be deemed a violation of this Order.

3. **Designation of Depositions.** Depositions or portions thereof upon oral or written questions may be classified as Confidential Information either by an examining party's attorney or by an attorney defending or attending the deposition. A party claiming that a deposition or any portion thereof is Confidential Information shall give notice of such claim to the other affected parties and persons either prior to or during the deposition, or within twenty-eight (28) days after receipt of the deposition transcript, and the testimony taken and the transcript of such deposition or portion thereof shall be designated as Confidential.

4. **Modification of Designation.** The designation of Confidential Information by the producing party shall not be determinative and may be modified or eliminated at any time in one of two ways, as explained below.

(a) The producing party may agree in writing to downgrade or eliminate the Confidential designation concerning any material it produced.

(b) If the parties cannot agree as to the designation of any particular

information or material after good faith discussion, the receiving party may move the Court to downgrade or eliminate the "Confidential" designation. The burden of proving that the information has been properly designated as protected shall be on the party who made the original designation.

**Access to Confidential Information**

1. General Access. Except as otherwise expressly provided herein or ordered by the Court, Confidential Information may be revealed only as follows:

(a) To outside counsel for a party hereto (and secretaries, paralegals, and other staff employed in the offices of such outside counsel who are working on the litigation), provided that outside counsel who are not of record must first sign and deliver to counsel of record for each other party or parties a letter in the form of Exhibit A hereto.

(b) To the parties after they have been given a copy of this Confidentiality Stipulation by their outside counsel and signed a letter in the form of Exhibit A.

(c) To court reporters transcribing a deposition, hearing, or other proceeding in this matter who sign Exhibit A attached hereto (excluding court-appointed court reporters).

(d) To independent experts and independent consultants (meaning a person who is not an employee, officer, director, or owner in any capacity of a party and who is retained by a party or a party's outside counsel in good faith for the purpose of assisting in this litigation) who sign Exhibit A attached hereto.

Nothing herein shall prevent the producing party from showing the documents or information to an employee of that party.

2. No Copies/Notes. Except for internal use by outside counsel for the parties hereto, for Court and deposition copies, and for such use as is expressly permitted under the terms hereof, no person granted access to Confidential Information shall make copies, reproductions, transcripts, or facsimiles of the same or any portion thereof or shall take notes or otherwise summarize the contents of such Confidential Information.

3.      Disputes over Access.  If a dispute arises as to whether a particular person should be granted access to Confidential Information, the party seeking disclosure may move the Court to permit the disclosure and must obtain an order of the Court before disclosing the information.

**Use of Confidential Information**

1.      Use in this Litigation Only.  Confidential Information may be used only for purposes of this litigation.  Each person to whom the disclosure of any Confidential Information is made shall not, directly or indirectly, use, disclose, or disseminate, or attempt to use, disclose, or disseminate, any of the same except as expressly provided herein.

2.      Use at Depositions.  If Confidential Information is to be discussed or disclosed during a deposition, the producing party shall have the right to exclude from attendance at the deposition, during the time the Confidential Information is to be discussed, any person not entitled under this Order to receive the Confidential Information.

3.      Use at Court Hearings and Trial.  Subject to ~~California's~~ the Federal Rules of Evidence, Confidential Information may be offered into evidence at trial or at any hearing or oral argument, provided that the proponent of the evidence containing Confidential Information gives reasonable advance notice to the Court and counsel for the producing or designating party.  Any party may move the Court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure.  If presented at trial, the status of evidence as Confidential Information shall not be disclosed to the finder of fact.

4.      Filing Under Seal.  ~~Each document filed with the Court that contains any Confidential Information shall be filed in a sealed envelope or other appropriate sealed container on which shall be set forth the title and number of this action, a general description or title of the contents of the envelope, and a statement that the contents are Confidential and subject to a Protective Order and that the envelope is not to be opened nor the contents thereof revealed except to counsel of record in the litigation or court personnel, or pursuant to order of the Court. Copies of such documents served on counsel for other parties shall be marked as Confidential.~~ Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any

4

Protected Material. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. However, the designation of material as confidential, without more, is insufficient to obtain a sealing order. Any party that seeks to file Protected Material under seal must comply with Local Rule 141, which governs motions for a sealing order. As provided in Local Rule 141, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. Further, the briefing on the motion for a sealing order shall address U.S. Supreme Court and Ninth Circuit standards for whether the material may be filed under seal. Regardless of which party files the motion for a sealing order, the party that designated the material as confidential shall file a brief addressing those standards, and shall have the burden of establishing that the Protected Material should be filed but not made publicly available.

5. **Reasonable Precautions.** Counsel for each party shall take all reasonable precautions to prevent unauthorized or inadvertent disclosure of any Confidential Information.

6. **Return After Litigation.** Within thirty (30) days of the final termination of this litigation by judgment, appeal, settlement, or otherwise, or sooner if so ordered by the Court, counsel for each party shall return to counsel for the party who furnished the same all items constituting, containing, or reflecting the other party's Confidential Information, or in the alternative, destroy all Confidential Documents. In addition, within thirty (30) days of the final termination of this litigation by judgment, appeal, settlement, or otherwise, or sooner if so ordered by the Court, all Confidential Electronic Documents shall be destroyed and deleted.

**Other Provisions**

1. **Not an Admission.** Nothing in this Order shall constitute an admission by the party that information designated as Confidential is actually Confidential Information. Furthermore, nothing contained herein shall preclude the parties or a person from raising any available objection, or seeking any available protection with respect to any Confidential Information, including but not limited to the grounds of admissibility of evidence, materiality, trial preparation materials and privilege.

2. **Miscellaneous.** This Order shall apply to the production of all materials whether or not such materials are informally produced or produced in response to a formal discovery request or a Court order in this litigation. This Order may be used to protect the confidentiality of the residential addresses and social security numbers of the parties and of any and all current or former employees of either of the parties or their affiliates.

PURSUANT TO STIPULATION, IT IS SO ORDERED, this 24th day of January, 2019.

_____
EDMUND F. BRENNAN
U.S. MAGISTRATE JUDGE

SO STIPULATED AND AGREED:

DATED:  January 17, 2019          BURNHAM BROWN


                                  /s/ Michelle D. Jew
                                  CATHY L. ARIAS
                                  MICHELLE D. JEW
                                  ARTHUR S. GAUS
                                  Attorneys for Defendant
                                  STARBUCKS CORPORATION

DATED:  January 17, 2019          CENTER FOR DISABILITY ACCESS


                                  /s/ Elliot Montgomery
                                  RAY G. BALLISTER, JR.
                                  PHYL GRACE
                                  ELLIOTT MONTGOMERY
                                  Attorneys for Plaintiff
                                  SCOTT JOHNSON

EXHIBIT A

AGREEMENT CONCERNING INFORMATION COVERED BY CONFIDENTIALITY

STIPULATION AND PROTECTIVE ORDER

I have been designated by _____ as a person who may have access to Confidential Information as that term is defined in the Confidentiality Stipulation and Protective Order (the "Order") entered in the above-entitled case.

Having read the Order, I agree to comply fully with it and to be bound by its terms with respect to all documents and information designated as "Confidential" under the Order. I agree not to copy any documents or information that have been designated as "Confidential" and disclosed to me and not to disclose such documents or information to any person or entity not authorized under the Order to view Confidential Information.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this _____ day of _____, 2019.

_____
Name

_____
Address

_____
Employer

_____
Job Title

4819-7998-9637, v. 1